852 F.2d 1287
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vern A. DILLE, et al., Petitioners-Appellants,
v.
B.G. WILLIAMSON, et al., Respondents-Appellees.
 No. 87-3766.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1988.
 
 1
 Before NATHANIEL R. JONES, Circuit Judge, RYAN, Circuit Judge, and BENJAMIN F. GIBSON*, District Judge.
 
 
 2
 BENJAMIN F. GIBSON, District Judge.
 
 
 3
 Former members of the International Brotherhood of Electrical Workers ("IBEW") Local Union 71 ("Local 71") brought suit under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Secs. 101 et seq., against the IBEW, IBEW Local Union 972 ("Local 972"), and various union officials[1], alleging violations of Sections 101(a)(1), (2), (5) and 609 of the LMRDA, 29 U.S.C. Secs. 411(a)(1), (2), (5) and 529. Because we agree with the district court's findings of fact and conclusions of law, we affirm.
 
 I.
 
 4
 Appellants are long-term members of IBEW Local 71. After lengthy periods of unemployment, appellants took jobs with a non-IBEW electrical contractor, Hartman & Hartman ("Hartman"), at Meigs Mine No. 1 ("Meigs I"), a mine construction site. Hartman was signatory to a collective bargaining agreement with the United Mine Workers ("UMW"). All workers at the site, including appellants, were required to join the UMW. Appellants joined the UMW but also retained membership in the IBEW. Local 972, which had IBEW jurisdiction over the work site, charged appellants and eleven other union members with violating several union rules. In particular, they were charged with performing electrical work for a contractor that did not have a collective bargaining agreement with an IBEW local union. Local 972 contended that this conduct violated Article XXVII, Section 1, Subsections (4), (6), and (17) of the IBEW Constitution which provides in pertinent part:
 
 
 5
 Sec. 1. Any member may be penalized for committing one or more of the following offenses:
 
 
 6
 (4) Engaging in activities designed to bring about a withdrawal or secession from the I.B.E.W. of any L.U. [Local Union] or of any member or group of members, or to cause dual unionism or schism within the I.B.E.W.;
 
 
 7
 (6) Working for, or on behalf of, any employer-supported organization, or other union, or the representatives of any of the foregoing, whose position is adverse or detrimental to the I.B.E.W.; [and]
 
 
 8
 (17) Working for any individual or company declared in difficulty with L.U. or the I.B.E.W., in accordance with this Constitution.
 
 
 9
 Each appellant received written notice of the charges, specifying the provisions of the constitution allegedly violated and identifying the conduct alleged to have given rise to the violations.
 
 
 10
 A hearing was held before the Trial Board of Local 972 as required by the IBEW Constitution. The Trial Board was comprised of members of the Executive Board of Local 972 as mandated by the IBEW Constitution and Local 972's bylaws. These positions were filled by secret ballot vote of the general membership. In response to the charges, appellants contended that the IBEW had no jurisdiction over the coal fields since the work was performed pursuant to the collective bargaining agreement between Hartman and the UMW.[2] The Trial Board ruled that appellants had violated the IBEW Constitution and fined each appellant a total of $3,400.00. All of the appellants except Dille sought relief through the union's appellate process but were unsuccessful.[3]
 
 
 11
 Appellants then instituted this action in district court. The district court held that the disciplinary actions taken by the union did not violate Sections 101(a)(1), (2), (5) or 609 of the LMRDA. The court found that it could not substitute its interpretation of the IBEW Constitution for that of the union and that the union's interpretation was reasonable. The court further found that there was sufficient evidence to support the disciplinary actions taken by the union. The court also found that the union rules were not unreasonably vague or overbroad and that the appellants were adequately apprised of the proscribed conduct. Finally, the trial court found that there was insufficient evidence to support appellants' free speech and association claims and that, in any event, these "derivative claims" were not cognizable.[4]
 
 II.
 
 12
 Appellants raise numerous arguments in support of their
 
 
 13
 contention that Local 972 violated Sections 101(a)(1), (2),
 
 
 14
 (5) or 609 of the LMRDA, 29 U.S.C. Secs. 411(a)(1), (2), (5)
 
 
 15
 and 529.[5] In reviewing these arguments, a
 
 
 16
 cursory review of the scope of the LMRDA is indicated. In
 
 
 17
 enacting the LMRDA, Congress sought to bring to the conduct
 
 
 18
 of union affairs and to union members some of the rights
 
 
 19
 guaranteed by the Constitution of the United States. To
 
 
 20
 achieve this purpose, Congress adopted an employees' "Bill
 
 
 21
 of Rights," 29 U.S.C. Secs. 411 et seq., which sets forth
 
 
 22
 specific enumerated rights to which union members are
 
 
 23
 entitled. Section 101(a)(1) guarantees members the right to
 
 
 24
 democratic participation in internal union affairs; Section
 
 
 25
 101(a)(2) restates basic First Amendment principles; and
 
 
 26
 Section 101(a)(5) guarantees union members certain basic due
 
 
 27
 process rights. However, while similar, the contours of the
 
 
 28
 rights guaranteed by the LMRDA are not coextensive with
 
 
 29
 analogous rights guaranteed by the Constitution. In
 
 
 30
 particular, a union member's rights under Sections 101(a)(1)
 
 
 31
 and (2) are subject to the union's right to adopt and
 
 
 32
 enforce reasonable rules concerning each member's
 
 
 33
 responsibility toward the union as an institution and each
 
 
 34
 member's responsibility to refrain from conduct that
 
 
 35
 interferes with the union's performance of its legal or
 
 
 36
 contractual obligations. United Steelworkers v. Sadlowski,
 
 
 37
 457 U.S. 102, 109 (1982); Cehaich v. UAW, 710 F.2d 234, 238
 
 
 38
 (6th Cir.1983). Likewise, while Section 101(a)(5)
 
 
 39
 guarantees union members a "full and fair" hearing prior to
 
 
 40
 the imposition of discipline, the rights provided are not
 
 
 41
 identical to the due process rights afforded criminal
 
 
 42
 defendants. See International Brotherhood of Boilermakers
 
 
 43
 v. Hardeman, 401 U.S. 233, 242-45 (1971); Gustafson v.
 
 
 44
 American Train Dispatchers' Ass'n, 788 F.2d 1284, 1287 (7th
 
 
 45
 Cir.1986); Frye v. United Steelworkers, 767 F.2d 1216, 1223
 
 
 46
 (7th Cir.), cert. denied, 474 U.S. 1007 (1985). With this
 
 
 47
 background in mind, the arguments raised by appellants will
 
 
 48
 be addressed.
 
 
 49
 First, appellants argue that the union's interpretation of Subsections (4) and (17) of Article XXVII, Section I of the IBEW Constitution are unreasonable; the provisions are vague and overbroad; and, consequently, the rules fail to give adequate notice of prohibited conduct in violation of Section 101(a)(5)(A) of the LMRDA, 29 U.S.C. Sec. 411(a)(5)(A). It is well established that judicial review of union disciplinary proceedings pursuant to Section 101(a)(5) is limited. See Hardeman, 401 U.S. 233, 242-45; Gustafson, 788 F.2d at 1287; Frye, 767 F.2d at 1223. As noted by the Supreme Court in Hardeman,
 
 
 50
 [Section] 101(a)(5) was not intended to authorize courts to determine the scope of offenses which a union may discipline its members. And if a union may discipline its members for offenses not proscribed by written rules at all, it is surely a futile exercise for a court to determine whether particular conduct falls within or without their scope.
 
 
 51
 401 U.S. at 245.
 
 
 52
 In determining whether union discipline pursuant to written rules violates Section 101(a)(5)(A), the union's interpretation of its constitution is entitled to considerable deference and the court may not impose its own interpretation unless the union's proffered interpretation is patently unreasonable or unfair. Newell v. IBEW, 789 F.2d 1186, 1189 (5th Cir.1986). However, discipline pursuant to rules which are vague or fail to give union members adequate notice of proscribed conduct is prohibited. In addition, the written charges must contain a statement of the facts relating to the incident underlying the disciplinary action so that the union member can adequately defend his actions. Nonetheless, in order to prevail on a claim that union rules are vague or overbroad, the disciplined member must present evidence that he was misled or otherwise prejudiced in preparing his defense. Hardeman, 401 U.S. at 245; Frye, 767 F.2d at 1223. A review of the evidence presented leads us to conclude that the union's interpretation of Article XXVII, Section I, Subsections (4), (6), and (17) was reasonable. We also conclude that the charges presented adequately apprised appellants of the particular violations alleged and of the conduct alleged to have given rise to the violations. In addition, the evidence establishes that the appellants had actual knowledge of the conduct at issue and were not misled or otherwise prejudiced in their defense.
 
 
 53
 Second, appellants argue that the discipline imposed by the union was unreasonable because there was insufficient evidence presented to support the Trial Board's decision. Section 101(a)(5)(C) of the LMRDA provides that union members are entitled to a full and fair hearing prior to the imposition of discipline. 29 U.S.C. Sec. 411(a)(5)(C). This rule has been interpreted by the courts to require that the charging party provide some evidence at the disciplinary hearing to support the charges made. Hardeman, 401 U.S. at 246-47. Discipline based on charges unsupported by any evidence is a denial of due process and is prohibited by the LMRDA. Id. In Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985), the Supreme Court clarified the appropriate level of scrutiny in determining whether a decision is supported by "some evidence." The Court held that "[a]scertaining whether this standard of review is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of evidence." Id. at 455. "Meager evidence is sufficient, and direct evidence is not required." Id. at 457. A review of the record in this matter reveals that, in view of the union's interpretation of its constitution, there was some evidence to support the charges made.
 
 
 54
 Third, appellants contend that the discipline imposed violated their rights to membership in the UMW; interfered with their rights as employees of Hartman; and unreasonably interfered with their free speech and association rights within the IBEW in violation of Section 101(a)(1) and (2) of the LMRDA.[6] However, to the extent such "derivative claims" exist, they are dependent upon an initial finding that the union violated LMRDA Section 101(a)(5). Although some courts, including the district court in this case, have held that violations of Section 101(a)(5) do not give rise to derivative claims under Section 101(a)(1) and (2), see Rosario v. ULGWU, Local 10, 605 F.2d 1228, 1238 (2d Cir.1979), cert. denied, 446 U.S. 919 (1980), this issue need not be addressed since the district court's finding that no violation of Section 101(a)(5) took place is affirmed. In the absence of a Section 101(a)(5) violation, discipline imposed pursuant to legitimate union rules does not violate Sections 101(a)(1) and (2) of the LMRDA. See Rosario, 605 F.2d at 1239.
 
 
 55
 Finally, appellants argue that Local 972's actions illegally infringed upon their rights to join the UMW, to engage in concerted activity, and to bargain collectively in violation of Sections 7 and 8(b)(1) of the National Labor Relations Act ("NLRA"), 29 U.S.C. Secs. 157, 158(b)(1). Appellants also contend that the union's secondary actions unlawfully infringed upon Hartman's rights under Section 8(b)(4) of the NLRA, 29 U.S.C. Sec. 158(b)(4). In addition, appellants argue that the district court erred in refusing to consider the alleged violations in resolving their claims under the LMRDA. The record reveals that appellants were disciplined for violating legitimate union rules aimed at protecting the integrity of the union. Unless a union member is engaged in collective bargaining or grievance adjustment tasks, discipline imposed pursuant to valid union rules does not violate the NLRA. 29 U.S.C. Sec. 8(b)(1)(A). See NLRB v. IBEW, Local 340, 107 S.Ct. 2002, 2008-11 (1987); Florida Power & Light Co. v. IBEW, 417 U.S. 790, 804-05 (1974); NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 197-98 (1967); NLRB v. Local 139, Int'l Union of Operating Eng'rs, 796 F.2d 985, 990 (7th Cir.1986). Likewise, in the absence of a collective bargaining relationship between the union and Hartman, the possibility that the union's disciplinary actions will somehow "coerce" the company is too attenuated to form the basis of an unfair labor charge. NLRB v. IBEW, Local 340, 107 S.Ct. at 2012. In any event, the record is devoid of any evidence that the appellants' rights as UMW members or as Hartman employees were infringed upon or that Hartman was coerced by the union's actions. Because we conclude that Local 972's conduct violated no provision of the NLRA, the district court's ruling with respect to the alleged violations is affirmed on that basis.[7]
 
 III.
 
 56
 In conclusion, we find that Local 972's conduct did not violate Sections 101(a)(1), (2), (5) or 529 of the LMRDA. We also find that the imposition of discipline did not violate any provision of the NLRA. The evidence establishes that appellants were properly disciplined for violating reasonable union rules after being afforded a fair hearing and an opportunity to defend against the charges. In being disciplined, appellants were afforded all the due process guarantees to which they were entitled. To the extent that the challenged conduct infringed upon appellants' free speech and association rights, the infringement was reasonable under the circumstances. The judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 In the initial complaint, the following parties were named as defendants: the IBEW; Local 972; Charles Pillard, President of the IBEW; B.G. Williamson, Vice-President of District 4 of the IBEW; Neal Boyce, Business Manager and Financial Secretary of Local 972; and defendants Doe and Roe, unidentified members of the Local 972 Trial Board. The lawsuit proceeded against the named defendants. Defendants Pillard and Williamson were dismissed prior to trial. Defendants Boyce and the IBEW were dismissed per stipulation of the parties during the pendency of the appeal. Local 972 is the only defendant remaining in the lawsuit for purposes of this appeal
 
 
 [2]
 Appellant Dille also argued that not all of the work he was doing was electrical and that IBEW members had performed electrical work at the Meigs I mine site in the past without fine or penalty
 
 
 [3]
 Instead, Dille and McDaniel filed an unfair labor charge with the National Labor Relations Board, alleging that the discipline imposed by the union violated Sections 8(a)(5) and 8(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. Secs. 185(a)(5), (b). The Regional Director of the NLRB refused to issue a complaint. In refusing to issue a complaint, the Regional Director stated:
 The evidence shows that you and McDaniel obtained employment with Hartman and Hartman whose employees are not represented by the Union. Pursuant to the Union's constitution, its members are prohibited from working for such nonunion employers. Such constitutional prohibitions are not unlawful and a labor organization does not violate the Act [NLRA] by fining or otherwise discharging members for breaching such constitutional prohibitions.
 This decision was affirmed by the NLRB's General Counsel on appeal.
 
 
 [4]
 The district court also held that the appellants had been afforded a full and fair hearing with adequate notice and an opportunity to be heard and that appellants' claim of bias was unsupported by the evidence. Other arguments raised by appellants were rejected by the trial court as irrelevant to the issues presented or rejected on the basis of lack jurisdiction
 
 
 [5]
 Title 29 United States Code Section 411(a)(1) provides:
 Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.
 Section 411(a)(2) provides:
 Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.
 Section 411(a)(5) provides:
 No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.
 Section 529 provides:
 It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter.
 
 
 [6]
 As an initial matter, the appellee claims that this argument was not presented at trial. However, at least one part of the argument was briefly discussed during appellants' opening statement. The argument that the disciplinary action interfered with appellants' rights to join and participate in the UMW does appear to be raised for the first time on appeal. In any event, the record reflects that appellants admitted at trial that there was no real interference in their rights as UMW members. Likewise, there is no evidence presented that the disciplinary actions interfered with appellants' rights as Hartman employees
 
 
 [7]
 In affirming the district court on these grounds, we need not address the additional arguments raised by appellants on this issue